UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MIRANDA ZUBER, et al<br><br>                Plaintiffs,<br><br>v.<br><br>PUTNAM INVESTMENT MANAGEMENT, LLC,<br><br>                Defendant. | : | Civil Action<br>No. 03-12175-MLW |
| ANN SCHNEPS DUBIN, et al<br><br>                Plaintiffs,<br><br>v.<br><br>PUTNAM INVESTMENT MANAGEMENT, LLC,<br><br>                Defendant. | : | Civil Action<br>No. 03-12209-MLW |
| EVON YAMEEN, et al<br><br>                Plaintiffs,<br><br>v.<br><br>PUTNAM INVESTMENT MANAGEMENT, LLC,<br><br>                Defendant. | : | Civil Action<br>No. 03-12222-MLW |
| DIANE HUTTO, et ano<br><br>                Plaintiffs,<br><br>v.<br><br>PUTNAM INVESTMENT MANAGEMENT, LLC,<br><br>                Defendant. | : | Civil Action<br>No. 03-12227-RWZ |

| | | |
|---|---|---|
| EDWARD CASEY, et al | : | Civil Action |
| Plaintiffs, | : | No. 03-12273-MLW |
| v. | : | |
| PUTNAM INVESTMENT MANAGEMENT, LLC, | : | |
| Defendant. | : | |
| JOHN K. CLEMENT, et ano | : | Civil Action |
| Plaintiffs, | : | No. 03-12400-RWZ |
| v. | : | |
| PUTNAM INVESTMENT MANAGEMENT, LLC, | : | |
| Defendant. | : | |
| ANTONIO IOAKIM, et al | : | Civil Action |
| Plaintiffs, | : | No. 03-12402-MLW |
| v. | : | |
| PUTNAM INVESTMENT MANAGEMENT, LLC, | : | |
| Defendant. | : | |
| JOANNE S. BASEMAN, | : | Civil Action |
| Plaintiffs, | : | No. 03-12526-RWZ |
| v. | : | |
| PUTNAM INVESTMENT MANAGEMENT, LLC, | : | |
| Defendant. | : | |

|  |  |
|---|---|
| SETH B. MARKS,<br><br>                          Plaintiffs,<br><br>v.<br><br>PUTNAM INVESTMENT<br>MANAGEMENT, LLC,<br><br>                          Defendant. | Civil Action<br>No. 03-12441-RWZ |

### PLAINTIFF HUTTO GROUP'S (i) OPPOSITION TO CYNTHIA PULEO'S MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF, (ii) REPLY TO CYNTHIA PULEO'S OPPOSITION TO DERIVATIVE PLAINTIFFS' MOTION TO CONSOLIDATE DERIVATIVE CASES AND APPOINT LEAD COUNSEL

### INTRODUCTION

On January 6, 2004, plaintiffs Hutto, Clement, Baseman and Mark (the "Hutto Group") in the above captions, through their undersigned counsel, moved this Court to consolidate the derivative actions and appoint lead counsel in the derivative actions (the "Derivative Plaintiffs' Motion").[1] In another court in this district, plaintiffs Zuber, Dubin, Yameen, Casey and Ioakim (the "Zuber Group"), in the above captions, stipulated with the Putnam Defendants to consolidate their cases. Subsequently, the Hutto Group and the Zuber Group have agreed to join their cases in one consolidation, with an Executive Committee composed of counsel from both groups.[2]

---

[1] The Derivative Plaintiffs' Motion was filed only after thorough efforts to determine other related derivative actions and communicating with counsel, as required by Local Rule 7.1(a)(2).

[2] The Hutto Group was unaware of the Puleo or Zuber Group derivative actions when the Hutto Group filed its motion to consolidate. Subsequently, the Hutto Group learned of the Zuber and Puleo actions and contacted counsel in both and did reach out to all counsel in derivative actions. Contrary to Puleo's assertion here that Hutto Group's counsel has "not taken the initiative to lead others or to communicate with others," the Hutto and Zuber Group agreement arose out of such efforts. Despite our efforts to reach counsel for Puleo, the only derivative action whose counsel has not communicated with counsel for the Hutto Group or agreed to the leadership structure adopted by the Hutto and Zuber Groups, we have been unsuccessful. Indeed, Puleo's "*amicus*" motion is nothing but a subterfuge to undo the leadership structure already reached in the Hutto and Zuber Group cases.

Counsel for the Hutto and Zuber Groups, who represent all of the derivative actions against the Putnam Defendants with the exception of the *Puleo* action,[3] have agreed to consolidate all of the derivative actions pending against the Putnam Defendants under the leadership of an executive committee comprised of the law firms of Wolf Haldenstein Adler Freeman & Herz, LLP, Chimicles & Tikellis and Pomerantz Haudek Block Grossman & Gross, LLP. *All of the Putnam derivative cases, except one Delaware case*[4]*, are now before this Court.* Moreover, *all of the derivative cases, except Puleo, support consolidation of the Hutto Group and Zuber Group cases and the appointment of the Executive Committee lead counsel.* If this Court grants the Hutto Group's cross-motion to consolidate and appoint lead counsel, it would not be necessary to decide this purely organizational issue again after the MDL designates a transferee court, whether or not all the Putnam derivative cases are transferred to this district or to another district.

Plaintiff Cynthia Puleo ("Puleo") seeks to stall the organization and progress of the Hutto and Zuber Groups, because of her counsel's inability to agree upon a leadership structure with other counsel in the derivative actions, by filing a motion for leave to file an *amicus curiae* brief which urges the Court to stay its determination of the Derivative Plaintiffs' Motion. Puleo seeks to proceed as *amicus* because she failed to timely oppose the Derivative Plaintiffs' Motion.[5] As litigants directly affected by the Derivative Plaintiffs' Motion and parties to the Putnam litigation, Puleo is not eligible to be appointed *amicus curiae* and the Court should therefore

---

[3] *Puleo v. Putnam, LLC*, No. 03-CV-12527 (D. Mass.). Puleo is represented by the law firm of Hagens Berman, LLP which, at the eleventh hour, has filed a request to file an *amicus* brief with this Court supporting the Class Plaintiffs' and Putnam Defendants' motions to stay the Hutto Group plaintiffs' motion to consolidate until after the MDL decides whether the actions against the Putnam Defendants should be transferred to a single forum.

[4] The Delaware case, *Starr v. Putnam Investment Management, Inc.*, No. 03-CV-1023 (D.Del), was brought by the firm of Chimicles & Tikellis, once of the proposed Executive Committee members in this case. Chimicles & Tikellis has moved before the MDL panel to transfer *Starr* to this District.

[5] The Puleo motion also fails to comply with Local Rule 7.1(a)(2).

deny Puleo's motion for leave to file an *amicus* brief. In addition, Puleo would not be prejudiced in any way by a consolidation of the Hutto Group actions, and a stay should not be issued on the grounds of a pending motion before the MDL as the MDL process is accelerated and assisted by motions such as the consolidation and lead counsel organization motion now at issue. Thus, Puleo's motion is devoid of merit as a matter of substance.

## ARGUMENT

**I.    Puleo's Motion to File an *Amicus Curiae* Brief Should Be Denied and Puleo's Opposition Disregarded**

In an attempt to submit an opposition that is otherwise time-barred, Puleo has submitted her opposition to the Derivative Plaintiffs' Motion as an *amicus curiae*. In moving to file an *amicus curiae* brief, Puleo cites no precedent, because there is none, for the proposition that she is entitled to proceed as an *amicus curiae* in a situation where she is a party who will be affected directly by the outcome of the Derivative Plaintiffs' Motion. In fact, the relevant case law makes clear that she may not proceed as *amicus curiae*.

**A.    Plaintiff Puleo Is Time Barred from Submitting Her Opposition to the Derivative Plaintiffs' Motion and Her Attempt to File as *Amicus Curiae* is Merely an Attempt at Circumventing the Court's Time to Oppose**

Pursuant to Local Rule 7.1(b)(2), a party opposing a motion shall file the opposition within fourteen (14) days of service. The local rules provide for three (3) additional days to respond for service, in accordance with Fed. R. Civ. Proc. 6. The Hutto Group filed with the Court and served via the United States Postal Service the Derivative Plaintiffs' Motion on the Puelo Plaintiffs on January 6, 2004, as indicated in the Declaration of Service of the Derivate Plaintiffs' Motion. Therefore, after accounting for legal holidays, any opposition to the Derivative Plaintiffs' Motion was due on or before January 26, 2004. Realizing that their opposition was to be filed on January 28, 2004, two days after the deadline, Puleo now attempts to submit her papers as *amicus curiae*. Puleo's attempt to proceed as *amicus curiae* is a mere

3

contrivance meant to circumvent the Court's rules which set forth a time period for which a party may oppose a motion because Puleo has missed that deadline.

### B. Plaintiff Puleo Is A Party to the Litigation and Therefore Does Not Qualify for *Amicus Curiae* Status

The Federal Rules of Civil Procedure provide no guidance as to the acceptance of *amicus curiae* or set forth any restrictions placed on *amicus curiae*. Resort Timeshare Resales, Inc. v. Stuart, 764 F. Supp.1495, 1500-01 (D. Me. 1991). The district court retains "the inherent authority" to appoint *amicus curiae* "to assist it in a proceeding." Id. An *amicus* is ***not a party to the action*** and "does not represent the parties but participates only for the benefit of the court." Alliance of Auto. Mfrs. v. Gwadowsky, 2003 U.S. Dist. LEXIS 23003, *3 (D. Me. December 22, 2003) (*citing* Timeshare, 764 F. Supp. at 1501 (*quoting* News and Sun-Sentinel Co. v. Cox, 700 F. Supp. 30, 31 (S.D. Fla. 1988)). Moreover, *amicus curiae* status is, in part, granted when the *amicus curiae* is likely to ***provide supplemental assistance to the party or parties to the action.***

Given the definition, purpose, and role of an *amicus curiae* party, Puleo is clearly not eligible to be an *amicus curiae* to this motion or action. Unlike those who can be granted *amicus curiae* status because they are not a party to an action and do not otherwise satisfy the requirements for intervention, Puleo is a party to an action directly affected by the motion to consolidate the derivative actions and appoint lead counsel at issue before the Court, and Puleo admit as much. Because of her direct interest in the outcome of Derivative Plaintiffs' Motion, by definition, Puleo is not the type of party that is granted *amicus curiae* status. Moreover, that Puleo could be an *amicus curaie* would be illogical and in contravention of the purpose of appointing *amicus curiae* - to provide assistance to parties to the action. Dual status as a party to the action and *amicus curiae* would be particularly at-odds with the considerations made in

4

granting *amicus curiae* status that the *amicus curiae* have a particular interest that the party to the action cannot represent or needs supplemental assistance in presenting.

Because Puleo's attempt to gain status as *amicus curaie* is merely to submit papers to the Court that are otherwise time-barred and because Puleo is not eligible for *amicus curiae* status, the Court should deny Puleo's motion to file an *amicus curaie* brief and disregard Puleo's Opposition.

## II. THE COURT SHOULD NOT STAY ITS DECISION TO CONSOLIDATE THE DERIVATIVE ACTIONS AND APPOINT LEAD DERIVATIVE COUNSEL

### A. Consolidation of the Derivative Actions would Facilitate, Not Impede, the MDL's Ultimate Ruling

Consolidation of the Derivative Actions in this Court would facilitate, not impede, the MDL's ultimate determination. By reducing the number of separate cases in this action, this Court would be presented with fewer actions to consolidate if it were designated as transferee court by the MDL, or would be forwarding fewer cases to any other transferee designated by the MDL. In either case, the transferee court would have *less* work to do and, therefore, judicial resources would be conserved.

The process of consolidation of the Derivative Actions in this Court also would not be a particular burden to this Court since there is no opposition to the consolidation *among the Derivative Plaintiffs. Counsel for the Puleo derivative plaintiffs* have merely urged a stay in the consolidation process. They have filed no motion in opposition to the Derivative Plaintiffs' consolidation motion.

### B. Other District Courts Have Permitted Consolidation of Derivative Cases in Similar Mutual Fund Cases to Proceed Even When MDL Proceedings Were Pending

In the wake of the recent mutual fund scandals, derivative actions involving many mutual fund families have been filed in many different districts. All are currently subject to MDL

5

proceedings. In a number of these cases, the district courts have permitted consolidation of the derivative actions (as well as class actions) before them even with MDL action pending.

In the case of the Federated mutual fund cases, for example, Magistrate Judge Robert C. Mitchell of the United States District Court for the Western District of Pennsylvania consolidated the class actions as one group of consolidated cases and the derivative actions as a separate group of consolidated cases. Magistrate Judge Mitchell then appointed Mark Rifkin, counsel for certain derivative actions before this Court, and a member of the proposed Executive Committee, as "Plaintiffs' Liaison counsel" in the Federated cases. *See* Exhibit A. In the Strong mutual fund cases in the Eastern District of Wisconsin, Judge Charles N. Clevert held hearings on the issue of the consolidation of the derivative actions, also with the MDL hearings pending. *See* Exhibit B. Thus, this Court would not be alone in consolidating the Derivative Actions while an MDL decision was pending.

## CONCLUSION

For the reasons set forth above, the Derivative Plaintiffs respectfully request that this Court deny Pulco's motion to for leave to file *amicus curiae* brief and disregard Puleo's opposition to Derivative Plaintiffs' Motion.

Dated: Boston, Massachusetts
February 17, 2004

DEUTSCH WILLIAMS BROOKS DERENSIS & HOLLAND, P.C.

By: _____
Steven J. Brooks
Robert D. Hillman
99 Summer Street
Boston, MA 02110
(617) 951-2300
rhillman@dwboston.com

**WOLF HALDENSTEIN ALDER FREEMAN & HERZ LLP**
Daniel W. Krasner
Mark C. Rifkin

6

Demet Basar
Robert Abrams
Christopher S. Hinton
270 Madison Avenue
New York, NY 10016
(212) 545-4600

**CHIMICLES & TIKELLIS**
Nicholas E. Chimicles
Denise Davis Schwartzman
Timothy N. Mathews
Attorney I.D. No. 40659
361 W. Lancaster Avenue
Haverford, PA 19041
(610) 642-8500

**POMERANTZ HAUDEK BLOCK
GROSSMAN & GROSS, LLP.**
Stanley M. Grossman
Ronen Sarraf
100 Park Avenue
New York, N.Y. 10017-5516
(212) 661-1100

**CHITWOOD & HARLEY**
Martin D. Chitwood
Lauren D. Antonino
2300 Promenade II
1230 Peachtree Street, NE
Atlanta, GA 30309
(404) 873-3900

**ATTORNEYS FOR PLAINTIFFS**

350809

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL M. FEDER, derivatively on )
behalf of the FEDERATED KAUFMANN )
SMALL CAP FUND COMPLEX, )
    Plaintiff, )
     )
v. )   Civil Action No. 03-1942
     )
FEDERATED INVESTORS, INC., et al., )
    Defendants. )

## ORDER

AND NOW, this 15 day of January, 2004,

IT IS ORDERED THAT the derivative plaintiff's motion to consolidate derivative cases (Docket No. 4-1) is granted. All documents are to be filed only with this case number indicated.

IT IS FURTHER ORDERED that the Clerk shall administratively close Civil Action No. 03-1965.

_____
Gary L. Lancaster
United States District Judge

cc:   Alfred G. Yates, Jr.
Law Offices of Alfred G. Yates, Jr.
429 Forbes Avenue
519 Allegheny Building
Pittsburgh, PA 15219

Thomas L. Allen
Reed Smith
435 Sixth Avenue
Pittsburgh, PA 15219-1886

Mark C. Rifkin
Wolf, Haldenstein, Adler, Freeman & Herz
270 Madison Avenue
New York, NY 10016